**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 11-cv-01328-REB-CBS

TERESA JOHNSON, on behalf of herself and other persons similarly situated,

      Plaintiff,

v.

ACADEMY MORTGAGE CORPORATION, a Colorado corporation,

      Defendant.

---

**ORDER GRANTING MOTION TO TRANSFER VENUE**

---

**Blackburn, J.**

      This matter is before me on the defendant's **Motion To Dismiss or Transfer Venue** [#6][1] filed June 17, 2011.  The plaintiff filed a response [#8], and the defendant filed a reply [#16].  I grant the motion in part.

## I.  JURISDICTION

      This court has jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

## II.  STANDARD OF REVIEW

      The defendant seeks dismissal of this case based on improper venue.  The defendant argues that a mandatory forum selection clause in a contract between the plaintiff and the defendant mandates that this case be brought in Utah.  Motions to dismiss based on a forum selection clause are analyzed as motions to dismiss for

---

[1]  "[#6]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

improper venue under FED. R. CIV. P. 12(b)(3).  In the alternative, the defendant seeks a transfer of this case to the District of Utah.

28 U.S.C. § 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The district court is vested with considerable discretion in determining whether transfer is appropriate.  ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991). Generally, a forum selection clause in a contract is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances."  ***Milk "N' More, Inc. v. Beavert***, 963 F.2d 1342, 1346 (10th Cir.1992).

### III.  ANALYSIS

The plaintiff, Teresa Johnson, is a former employee of the defendant, Academy Mortgage Corporation.  Ms. Johnson was laid off on March 31, 2011, when Academy reduced its workforce.  On April 14, 2011, Ms. Johnson signed a Severance Agreement and Release (Agreement) reflecting her agreement with Academy concerning the termination of her employment.  *Brief* [#7], Exhibit B (Agreement).  The Agreement states that Ms. Johnson accepted 1,250 dollars, which she was "not otherwise entitled to receive" to "settle and compromise" all claims described in the Agreement. *Agreement*, p. 2, ¶¶ 1, 2.  The released claims described in the Agreement include claims under the Fair Labor Standards Act (FLSA).  The Agreement contains a venue provision, which provides, in part: "Any action involving this Agreement shall be brought solely and exclusively in the state or federal courts located in the state of Utah." *Agreement*, p. 4, ¶ 17.

2

In her complaint [#1], Ms. Johnson asserts a claim for relief against Academy under FLSA.  According to Academy, Ms. Johnson's FLSA claim implicates the Agreement and, therefore, the forum selection clause of the Agreement is triggered.  If the forum selection clause is applicable, it requires that Johnson's FLSA claim be brought in a court in the state of Utah.

As Ms. Johnson concedes, the language of the forum selection clause is mandatory.  However, she contends her FLSA claim is legally distinct from claims covered by the Agreement and, therefore, her claim does not involve the agreement.  Ms. Johnson asserts that her FLSA claim is distinct from the Agreement, and does not involve the Agreement, because the release of her FLSA claim is unenforceable.  If the release of her FLSA claim is unenforceable, Ms. Johnson argues, then the FLSA release must be written out of the Agreement.  According to Ms. Johnson, if the FLSA release is written out of the Agreement, then the FLSA claim alleged in her complaint does not involve the Agreement.  The venue clause of the agreement covers any "action involving this Agreement . . . ." *Agreement*, p. 4, ¶ 17.

Some courts have held that employees may settle or compromise a FLSA back wages claims only if the Secretary of Labor or a district court approves the settlement.  ***See, e.g., Dees v. Hydradry, Inc***., 706 F. Supp. 2d 1227, 1237 - 1238 (M.D. Fla. 2010).  Other courts have concluded that certain FLSA settlements not approved by the Secretary of Labor or a district court are enforceable.  ***See, e.g., Martinez v. Bohls Bearing Equip. Co.***, 361 F. Supp. 2nd, 608, 618 - 631 (W.D. Tex. 2005); ***U.S. v. Allegheny-Ludlum Industries, Inc.***, 517 F.2d 826, 860 - 862 (5th Cir. 1975).  29 U.S.C. § 253 is read by some courts as explicitly permitting compromises of all FLSA claims involving bona fide disputes, while other courts read § 253 much more narrowly.  ***See***

3

*Martinez*, 361 F. Supp. 2d at 623 - 631.  In short, the release of Ms. Johnson's FLSA

claim, as stated in the Agreement, presents a significant legal issue.

I conclude that Ms. Johnson's FLSA claim necessarily involves the Agreement.

A court must determine to what extent, if any, Ms. Johnson's release of her FLSA claim

is effective and enforceable.  Inherently, that determination implicates the Agreement.  If

the release is enforceable, then the effect of the release on Ms. Johnson's FLSA claim

also must be determined.  Ms. Johnson's FLSA claim simply cannot be resolved without

addressing the effect of the Agreement.  Because this action involves the Agreement,

the mandatory venue provision in the Agreement is applicable and enforceable.  Under

that provision, this case may be brought "solely and exclusively in the state or federal

courts located in the state of Utah."  *Agreement*, p. 4, ¶ 17.  I am not persuaded by Ms.

Johnson's argument that venue in Utah is unreasonable.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the defendant's **Motion To Dismiss or Transfer Venue** [#6] filed June

17, 2011, is **GRANTED** consistent with the foregoing findings and conclusions and the

following orders;

2.  That under 28 U.S.C. § 1404, this case is **TRANSFERRED** to the United

States District Court for the District of Utah (United States Courthouse, 350 S. Main

Street, Salt Lake City, Utah 84101);

3.  That the defendant's **Motion for Stay of Decision on Plaintiff's Motion for

Conditional Certification** [#19] filed August 12, 2011, is **DENIED** as moot; and

4.  That the **Plaintiff's Motion To Certify Conditionally A Collection Action

Under the Fair Labor Standards Act 29 U.S.C. § 216(b) and for Court Assisted**

**Notice Under Authority of** *Sperling v. Hoffman La Roche*, **493 U.S. 165, 169 (1989)**

[#9] filed July 19, 2011, is **DENIED** without prejudice, subject to renewal after this case

has been transferred to the District of Utah.

      Dated March 21, 2012, at Denver, Colorado.

                      **BY THE COURT:**

.

                      Robert E. Blackburn
                      United States District Judge