IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERESA JOHNSON, on behalf of herself and other persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>ACADEMY MORTGAGE COMPANY, a Utah corporation,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO EQUITABLY TOLL THE STATUTE OF LIMITATIONS<br><br><br><br>Case No. 2:12-CV-276 TS |

This matter is before the Court on Plaintiff Teresa Johnson's Motion to Equitably Toll the Statute of Limitations as of September 12, 2011.[1]  For the reasons discussed more fully below, the Court will deny the Motion.

I.  BACKGROUND

This dispute arises from the alleged failure of Defendant Academy Mortgage Company to pay Plaintiff—and other similarly situated employees—overtime compensation for hours worked

---

[1]Docket No. 25.

1

in excess of 40 hours in one work-week.  Plaintiff alleges that Defendant's failure to pay overtime constituted a violation of the Fair Labor Standards Act ("FLSA") as found in 29 U.S.C. § 207.

Plaintiff initiated this case on May 19, 2011, by filing a complaint in the United States District Court for the District of Colorado (the "Colorado court").[2]  On June 17, 2011, Defendant filed a motion to dismiss or transfer venue.[3]  In its motion, Defendant argued that venue was improper before the Colorado court because Plaintiff signed a Severance Agreement and Release (the "Agreement") that included a binding venue provision.  On July 19, 2011, Plaintiff filed a motion to conditionally certify a collective action under the FLSA, seeking court assisted notice to potential opt-in plaintiffs.[4]  Defendant filed a motion to stay consideration of Plaintiff's motion to certify until after a decision was reached on its motion to dismiss.  The above-listed motions became fully briefed on September 12, 2011.

On March 21, 2012, the Colorado court granted Defendant's motion to dismiss and transferred venue to this Court.  In its order, the Colorado court denied without prejudice Plaintiff's motion to conditionally certify a collective action and denied Defendant's motion to stay as moot.  The Colorado court provided that Plaintiff's motion to certify was subject to renewal before this Court.  To date, Plaintiff has not sought to renew her motion to certify.

---

[2]Docket No. 1.

[3]Docket No. 6.

[4]Docket No. 9.

II.  DISCUSSION

"Actions under the FLSA to recover overtime compensation must be commenced within two years of the alleged violation, or within three years thereof if the violations is willfull."[5] The limitations period for an opt-in plaintiff continues to run until the plaintiff files a written consent to join the action.[6] "Equitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity.  This equitable tolling doctrine is read into every federal statute, including the FLSA."[7] "[E]quitable tolling excuses a plaintiff's untimely filing of a federal claim when the court determines that Congress intended that the plaintiff's federal rights should be enforced, despite his untimely filing."[8]

"The Tenth Circuit has not addressed the circumstances in which the equitable tolling doctrine applies to FLSA claims.  It has, however, addressed the doctrine in the context of other statutes, including Title VII of the Civil Rights Act of 1964."[9]  In that context, equitable tolling applies "only when there has been 'active deception.'"[10] The Tenth Circuit has also addressed

---

[5] *Woodard v. Fedex Freight E.*, 250 F.R.D. 178, 193 (M.D. Pa. 2008) (citing 29 U.S.C. § 255(a)).

[6] *See* 29 U.S.C § 256(b).

[7] *Stransky v. HealthONE of Denver, Inc.*, 2012 WL 2190843, at *2 (D. Colo. June 14, 2012) (citing *Truitt v. Cnty. of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998); *U.S. v. $57,960.00 in U.S. Currency,* 58 F. Supp. 2d 660, 664 (D.S.C. 1999)).

[8] *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1058 (10th Cir. 2006) (citing *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)).

[9] *Smith v. BNSF Ry. Co.*, 246 F.R.D. 652, 654-55 (D. Kan. 2007).

[10] *Id.* (citing *Million v. Frank,* 47 F.3d 385, 389 (10th Cir. 1995)*; Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1480-81 (10th Cir. 1988)).

equitable tolling in the context of habeas petitions.[11] In habeas cases, equitable tolling is only granted where an "inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."[12]

The parties cite to an abundance of cases addressing the application of the doctrine of equitable tolling to FLSA claims.[13] The cases cited by the parties apply varying tests for determining whether to grant equitable relief. The majority of cases cited by Plaintiff toll the statute of limitations on the basis that such was "in the interest of justice."[14] In contrast, those cases cited by Defendant apply more strenuous tests and deny relief.[15]

The Court is persuaded to adopt the following five-factor test set out by the Sixth Circuit: "(1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they

---

[11] *See* Docket No. 30, at 1-2.

[12] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

[13] *See* Docket No. 30 Ex. 1 (compilation of unpublished cases from other district courts cited by both parties).

[14] *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009); *see also Stickle v. Sciwestern Mkt. Support Ctr.*, 2008 WL 4446539, at *8 (D. Ariz. Sep. 30, 2008) (finding that it is "appropriate in the interest of justice to toll the statute of limitations" and that "[d]efendants here will not be prejudiced by an equitable toll").

[15] *See Perez v. Comcast*, 2011 WL 5979769, at *3-4 (N.D. Ill. Nov. 29, 2011) (applying the following Seventh Circuit test for equitable tolling and denying relief: "Equitable tolling is a doctrine used sparingly, reserved for those circumstances in which extraordinary circumstances prevent a party from filing on time. It applies only to cases in which circumstances prevent a litigant from filing despite the exercise of due diligence, regardless of the defendant's conduct"); *Woodard*, 250 F.R.D. at 193 (applying Third Circuit test that provides that equitable tolling may be warranted where "(1) the defendant has actively misled the plaintiff; (2) the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum," and denying relief (internal citations omitted)).

lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights."[16]

In the instant case, it is clear that the potential putative plaintiffs had either (1) actual or (2) constructive notice of their claims against Defendant. Plaintiff alleges in her Complaint that each of the potential plaintiffs are similarly situated underwriters that Defendant improperly classified as exempt employees under the FLSA. Each underwriter received a salary and was not compensated at one and a half times their regular rate for hours worked over forty in a single work-week. On these facts, the potential plaintiffs would have been on actual notice of their claims against Defendant at the end of each pay cycle when Defendant failed to compensate them for the excess hours worked.

As to the third factor, the parties dispute whether it is the potential putative plaintiffs' diligence or Plaintiff's diligence that is determinative. Undoubtedly, Plaintiff has taken steps to pursue her rights. However, her right to pursue damages for her loss is not in question. Rather, it is the rights of the potential putative class members that are in jeopardy of being barred by the applicable statute of limitations. Other underwriters possessed the same information available to Plaintiff. However, those individuals have not sought to join this suit to vindicate their rights.

---

[16] *See Archer v. Sullivan Cnty., Tenn.*, 1997 WL 720406, at *3 (6th Cir. Nov. 14, 1997) (unpublished); *see also Smith*, 246 F.R.D. at 654-55 (applying the *Archer* factors and holding that such do not support the tolling of the statute of limitations in that case); *Noble v. Serco*, 2009 WL 3254143, at *3 (E.D. Ky. Oct. 7, 2009) (applying the same five-factor test) (citing *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187-88 (6th Cir. 2008)).

Indeed, Plaintiff has provided no evidence supporting a finding that potential plaintiffs have taken steps to preserve or pursue their rights.

On the fourth factor, "[s]tatutes of limitations are primarily designed to assure fairness to defendants."[17] "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."[18] Thus, to an extent, any defendant will be prejudiced when a statute of limitations is equitably tolled. Here, this prejudice is mitigated where Plaintiff's Complaint was filed well in advance of the date Plaintiff seeks to have the statute of limitations tolled. As of that date, Defendant was on notice that similar claims may be brought by similarly situated plaintiffs.

Plaintiff asserts that it is reasonable that the other potential plaintiffs in this case remain ignorant of their rights because the potential plaintiffs have not been provided court assisted notice. As discussed previously, the potential plaintiffs in this suit were aware of the facts giving rise to the allegation of Plaintiff's Complaint at the completion of each pay cycle—well in advance of the filing of this suit. Given the availability of this information, the Court is not persuaded that potential plaintiffs remained ignorant of their rights merely because court approved notice was not provided.

Weighing the above-listed factors, the Court finds that equitable tolling of the statute of limitations is not justified in this case.

---

[17] *Burnett*, 380 U.S. at 428.

[18] *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974).

Additionally, equitable tolling in this circumstance is not necessitated by the "remedial purpose of the FLSA."[19]  As discussed previously, 29 U.S.C. § 256(b) provides that for each opt-in plaintiff the statute of limitations is tolled on the date they file a consent with the court.  Thus, in enacting the FLSA, "Congress contemplated a gap between the time a collective action is initiated and the time the statute of limitations is tolled by the filing of an opt-in consent."[20]  Here, more than a year has passed since Plaintiff initiated this suit.  However, much of this delay is attributable to Plaintiff filing suit in the United States District Court for the District of Colorado, in contravention of the binding venue provision contained in her Agreement with Defendant.  Taking into account the time expended on the issue of venue, there is nothing extraordinary in the gap that will exist in this case between the filing of the Complaint and consideration of any motion to certify a class.

The Court would also note that under existing Tenth Circuit case law it is encouraged to find that equitable tolling of the statute of limitations is not merited in this case.  Plaintiff has provided no evidence that Defendant has engaged in any "active deception"[21] nor that the potential opt-in plaintiffs diligently pursued their claims with their failure to timely file being caused by extraordinary circumstances beyond their control.[22]

---

[19] Docket No. 34, at 3.

[20] *Noble*, 2009 WL 3254143, at *2 (citing *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007)).

[21] *Smith*, 246 F.R.D. at 654-55.

[22] *Marsh*, 223 F.3d at 1220.

In sum, on review of the factual allegations in this case and applicable law, the Court finds that the equitable relief sought is not warranted and will therefore deny Plaintiff's Motion to Equitably Toll the Statute of Limitations.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion to Equitably Toll the Statute of Limitations as of September 12, 2011 (Docket No. 25) is DENIED.

DATED   September 6, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge