IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TERESA JOHNSON, on behalf of herself and other persons similarly situated,<br><br>     Plaintiff,<br><br><br><br><br><br>          vs.<br><br><br><br>ACADEMY MORTGAGE CORPORATION, a Colorado corporation,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S REFILED MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION AND FOR COURT ASSISTED NOTICE<br><br><br><br><br><br>Case No. 2:12-CV-276 TS |

This matter is before the Court on Plaintiff's Refiled Motion to Conditionally Certify a

Collective Action and for Court Assisted Notice.  For the reasons discussed below, the Court will

grant the Motion.

## I.  BACKGROUND

This dispute arises from the alleged failure of Defendant Academy Mortgage Company to

pay Plaintiff—and other similarly situated employees—overtime compensation for hours worked

in excess of 40 hours in one work-week.  Plaintiff alleges that Defendant's failure to pay

1

overtime constituted a violation of the Fair Labor Standards Act ("FLSA") as found in 29 U.S.C. § 207.

## II.  DISCUSSION

Under the FLSA, an employee may bring a collective action on behalf of "similarly situated" employees.[1]  The Tenth Circuit has approved a two-step approach to determine whether putative class members are similarly situated.[2]  "In utilizing this approach, a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'"[3]  At this early stage, "a court 'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'"[4]  Then, "[a]t the conclusion of discovery (often prompted by a motion to decertify), the court [] makes a second determination, utilizing a stricter standard for similarly situated."[5]

A.      SUBSTANTIAL ALLEGATIONS

As an initial matter, Defendant argues that Plaintiff's Motion should be denied because identifying putative plaintiffs will required a fact-intensive approach.  Specifically, Defendant argues that the question of whether the putative plaintiffs are exempt from the FLSA overtime requirements will be a fact-intensive inquiry that is inappropriate for collective action treatment.

---

[1] 29 U.S.C. § 216(b).

[2] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

[3] *Id*. (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[4] *Id*. (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F. Supp. 1053, 1066 (D. Colo. 1996)).

[5] *Id.* at 1102-03.

Defendant's argument is premature.  This argument is better addressed in the second step

of the two-step approach approved in *Thiessen*.  At the first step, all that is required is that

Plaintiff provide substantial allegations that the putative class members were the victims of a

single decision, policy, or plan.  Therefore, this argument does not provide a basis to deny

Plaintiff's Motion.

Defendant next argues that Plaintiff has failed to provide the substantial allegations

required.  The Court disagrees.  As stated, the Court must determine whether plaintiffs are

"similarly situated."  "In doing so, a court 'require[s] nothing more than substantial allegations

that the putative class members were together the victims of a single decision, policy, or plan.'"[6]

This is a lenient standard.[7]

Plaintiff's Complaint, along with her affidavit, provide evidence that each of the putative

plaintiffs were paid on a salaried basis, were classified as exempt, and were not paid overtime for

hours worked over 40 hours.  Plaintiff states that she believes that all of the underwriters at

Academy Mortgage Corporation were performing the same job duties and were subject to the

same pay plan.  Plaintiff learned this information from conversations with other underwriters,

interactions with underwriters at a regional meeting, receiving emails concerning instructional

information or policies and procedures, and reviewing company personnel policies that were

available on the company's intranet.

Defendant argues that this is insufficient, describing Plaintiff's allegations as

---

[6]*Id*.  at 1102 (quoting *Bayles*, 950 F. Supp. at 1066).

[7]*Id*. at 1103.

"conclusory."  In support, Defendants cite to *Bernard v. Household International, Inc.*[8]  In

*Bernard*, however, the plaintiffs had failed to provide sufficient evidence "that defendant has a

company-wide policy resulting in potential FLSA violations."[9]  Rather, "[t]he incidents

highlighted in the allegations and declarations instead focus on the acts of supervisors at [two]

individual offices . . . ."[10]

Defendant argues that "Academy Mortgage is even more geographically diverse than the

company in *Bernard*, with 111 offices in 23 states, and at least 38 underwriters spread throughout

these offices; only nine underwriters are located in Utah."[11]  A review of *Bernard* demonstrates

that it was not the geographical diversity that concerned the court, it was the fact that the plaintiff

there had failed to present evidence of a company-wide policy.  Plaintiff's evidence does not

suffer from the same flaw.  Rather, Plaintiff provides evidence of a company-wide policy and

provides support for her belief that such a policy existed.  Therefore, the Court must similarly

reject this argument.

B.      NOTICE

The United States Supreme Court, in *Hoffman-La Roche v. Sperling*, clarified that under

§ 216(b) district courts have discretion in deciding whether to order notice to potential

---

[8]231 F. Supp. 2d 433 (E.D. Va. 2002).

[9]*Id*. at 435.

[10]*Id*.

[11]Docket No. 41, at 6.

plaintiffs.[12]  *Hoffman* explained that "[b]y monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative.  Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed."[13]

In this case, Plaintiff has submitted a proposed notice, to which Defendant has lodged various objections.  Rather than sort through these objections, and Plaintiff's responses thereto, the Court will direct the parties to meet and confer to attempt to resolve the objections to the notice.  Plaintiff shall then re-submit the notice to the Court and the Court will provide Defendant an opportunity to file any additional objections that may remain.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Refiled Motion to Conditionally Certify a Collective Action and for Court Assisted Notice (Docket No. 40) is GRANTED.

Within fourteen (14) days of this Order, the parties are to meet and confer regarding the proposed notice.  At the end of that fourteen (14) day period, Plaintiff is direct to submit an amended notice to the Court.  If any objections remain, Defendant must file those objections within fourteen (14) days after the amended notice is submitted to the Court.

---

[12]*See* 493 U.S. 165, 170-72 (1989).

[13]*Id*. at 172.

DATED   November 1, 2012.

BY THE COURT:

TED STEWART
United States District Judge